Filed 5/21/26  P. v. Johnson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B340032 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. XNOMA070386-01 |
| JAMES EARMER JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Reversed with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

In the direct appeal from James Earmer Johnson's judgment of conviction, we reversed his sentence and remanded the matter to the trial court for resentencing. On remand, Johnson asked the court for a full resentencing hearing, that is, a reconsideration of every part of the sentence previously imposed. The trial court refused to conduct a full resentencing hearing, limiting itself to the single issue we had identified as error. Both parties agree the trial court erred in not conducting a full resentencing hearing. They also agree the abstract of judgment must be corrected. We agree as well and reverse with directions.

## FACTS AND PROCEDURAL BACKGROUND

A jury convicted Johnson of criminal threats; kidnapping of a victim under 14 years of age; pandering by encouraging; possession of a firearm by a felon; forcible rape by a foreign object acting in concert; sodomy by acting in concert with force; and oral copulation. The jury also found true that Johnson personally used a firearm in commission of several of the offenses; the sexual offenses were committed during the course of a kidnapping; the movement of the victim substantially increased the risk of harm to the victim; and Johnson used a deadly or dangerous weapon during the commission of the sexual offenses.

The trial court sentenced Johnson to 51 years plus a consecutive indeterminate term of 75 years to life. The sentence consisted of three consecutive terms of 25 years to life on the rape, oral copulation and sodomy counts; three upper 10-year enhancements for the firearm use findings as to those counts; and the upper term of 11 years on the kidnapping count plus 10 years for the personal firearm use finding. Punishment on the remaining counts and enhancements was imposed but stayed.

2

Johnson timely appealed the judgment of conviction. In our September 1, 2021, opinion, we remanded the matter to the trial court with the following directions: "We order appellant Johnson's conviction for kidnapping reduced to the lesser included offense of felony false imprisonment. We remand this matter as to appellant Johnson to permit the trial court to resentence him on the false imprisonment count and to clarify or reconsider its rationale for imposing consecutive sentences on him for the rape and sodomy convictions. We affirm the judgment of conviction as to appellant Johnson in all other respects." (*People v. Johnson* (Sept. 1, 2021, B301568) [nonpub. opn.].)

The hearing on remand did not occur until July 19, 2024. By then several new ameliorative sentencing statutes had been enacted into law. On remand, Johnson filed a brief in support of full resentencing along with a social history mitigation report. Specifically, among other things, Johnson cited Senate Bill No. 567 which prohibits imposition of an upper term based on aggravating factors not found true beyond a reasonable doubt by a jury or at a court trial or which were not admitted by the defendant. Johnson also cited Senate Bill No. 81 which provides that an enhancement shall be dismissed where evidence of certain specified mitigating circumstances has been presented. Johnson asked the trial court to conduct a full resentencing hearing to consider whether and how this new legislation applied to him. The People opposed full resentencing.

On remand, when Johnson asked the court to consider changes to the entire sentence, the trial court, noting the brutal nature of the offenses of conviction, stated: "I'll note that the appellate court sent the matter back on remittitur with very

3

specific instructions limited to very specific counts. The court intends only to deal with the specific instructions that the appellate court provided. [¶] I do want to say, though, that even if I did have the discretion to engage in a full resentencing, the court [declines] to exercise that discretion. I find no compelling factors to warrant such a full resentencing." "This case involved extreme cruelty. It was a brutal, brutal case where two men, acting in concert, brutally raped a woman who was especially vulnerable, and that action occurred over the course of a prolonged period of time. There was extensive planning and, again, extreme violence."

When Johnson objected to the denial of a full resentencing, the court replied: "[A] bifurcated trial would be needed on factors in aggravation. Again, the appellate court sent the matter back on very specific counts with very specific instructions." "If the defense wants, you can seek further remediation under other procedural methods." The trial court denied full sentencing. Johnson timely appealed.

## DISCUSSION

### I.     **Applicable Law and Standard of Review**

We consider a trial court's sentencing decisions under an abuse of discretion standard. (*People v. Moseley* (2024) 105 Cal.App.5th 870, 874.) A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard or bases its decision on express or implied factual findings not supported by substantial evidence. (*People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 887.)

4

II.    **Analysis**

The parties agree, as do we, that Johnson is entitled to a full resentencing hearing.  The California Supreme Court has held "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Walker* (2021) 67 Cal.App.5th 198, 204.)  That the appellate court gave specific directions on remand does not preclude a full resentencing hearing as required by *Buycks*.  (*People v. Padilla* (2022) 13 Cal.5th 152, 163 [once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence whereupon the trial court may impose any appropriate sentence.].)  Because the judgment is no longer final, new statutes imposing new lighter penalties are "deemed to be sufficient" to apply upon resentencing.  (*Id.* at p. 160.)

The parties also agree, as do we, that the trial court erred in imposing the upper term for the firearm enhancement under Penal Code section 12022.5 when it rejected a request for a bifurcated trial on the aggravating factors.  The aggravating factors the court recited, without further explanation, were that the victim was particularly vulnerable and the crime involved extreme cruelty and planning.

Senate Bill No. 567 (2021–2022 Reg. Sess.) provides that where, as here, a statute specifies three possible terms, the presumptive sentence is the middle term unless there are aggravating circumstances justifying imposition of the high term. The aggravating circumstance must be stipulated to by the defendant or found true beyond a reasonable doubt by a jury or, if

5

jury is waived, by the court in a court trial.  The trial court acknowledged that a bifurcated trial would be necessary to find the aggravating circumstances true.  Nevertheless it relied on our "very specific instructions" in declining to hold such a trial.  Where, as here, the record reflects no jury finding, no waiver thereof, and no admission by Johnson of the aggravating circumstances, the trial court's reliance on unproven aggravating factors to impose an upper term sentence violates the Sixth Amendment.  (See *People v. Lynch* (2024) 16 Cal.5th 730, 767–768-769 (*Lynch*); but see *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted, May 14, 2025, S298803 [the question presented is whether a trial court may reimpose a previously imposed upper term where the facts underlying one or more aggravating circumstances have not been stipulated to or found true by a jury or court].)

The error is harmless only if a reviewing court can conclude beyond a reasonable doubt that a jury would have found true all the aggravating facts relied upon by the sentencing court to justify the upper term.  (*Lynch, supra,* 16 Cal.5th at pp. 761, 775.)  On this record we agree with the parties that we cannot draw such a conclusion.  The court took a waiver of jury trial on the issue of prior strike convictions only and then declined to count the strike as a strike.  As the *Lynch* court stated: "Many of the aggravating circumstances described in the [Rules of Court] require an imprecise quantitative or comparative evaluation of the facts."  (*Id.* at pp. 775–776.)

Johnson also contends the trial court erred in refusing to dismiss all enhancements beyond a single enhancement as provided by Penal Code section 1385 and it erred in failing to give great weight to any mitigating circumstances as discussed in

6

*People v. Walker* (2024) 16 Cal.5th 1024.  Because the court is directed to conduct a full resentencing hearing on all counts and enhancements found true, Johnson may raise these issues on remand.

Finally, we direct the trial court to issue a corrected abstract of judgment.  Johnson was convicted of the offense of false imprisonment, a violation of Penal Code section 237, not kidnapping, a violation of Penal Code section 207.

## DISPOSITION

The judgment is reversed.  The trial court is directed to conduct a full resentencing hearing and to correct the abstract of judgment to reflect the conviction of false imprisonment, not kidnapping.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

SCHERB, J.

7